UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MIDTRONICS, INC. and KEITH S. CHAMPLIN, | ) ) ) |
| Plaintiffs, | ) ) Civil Action No. 06 CV 1685 |
| v. | ) ) Judge George W. Lindberg ) Magistrate Judge Jeffrey Cole |
| WORLD ENERGY LABS, INC., | ) ) |
| Defendant. | ) |

**DEFENDANT WORLD ENERGY LABS, INC.'S RESPONSE TO PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER QUASHING DEFENDANT'S DOCUMENT REQUESTS IN ITS RULE 30(B)(6) NOTICE OF DEPOSITION**

On January 17, 2007, the court allowed the parties until late February to complete depositions in this case. On January 19, 2007 defendant served a notice of deposition under Rule 30(b) (6) seeking examination of witnesses on seven different topics. The notice of deposition required the witnesses to appear for examination with documents in sixteen categories, although only twelve are at issue at this time. The documents subpoenaed were few, simple and highly relevant to the areas of inquiry during the deposition, as will be detailed below.

Plaintiff has moved to quash the document categories in riders attached to defendant's Rule 30(b)(6) deposition duces tecum, because the same was served subsequent to the close of the period for serving interrogatories, document requests and admissions. The brief contains no citation to any legal authority on this point. The lack of authority on the point is not surprising, as the ruling sought by plaintiff would have the effect of removing the possibility of a subpoena duces tecum in all cases where the period for serving interrogatories, document requests and admissions had passed.

Such a contention was made in *Canal Barge Company v. Commonwealth Edison Co.*, 2001 U.S. Dist. LEXIS 10097 (N.D.Ill. July 18, 2001) (attached hereto as Exhibit A), but rejected by the court which went on to apply the test for the propriety of a request for documents under Rule 30.

Of course, documents may be requested under Rule 30, as long as the same are few and simple and closely related to the oral examination, as noted in the Advisory Committee's notes to Rule 30(b) (5), which were applied by the court in *Canal Barge*. In this case, it is clear that the subject requests satisfy the requirements of the rule.

Defendant's document category 1 (as numbered in the notice, copy attached hereto as Exhibit B) requests documents showing whether the structure of plaintiff's products is in conformity with the patents. This relates to commercial success. Document category 15 also explicitly asks for evidence respecting commercial success and other secondary considerations respecting patentability. If plaintiff is going to try to prove patentability (Topic 1 (as numbered in the notice)) by showing commercial success, plaintiff will have to show that its products conform to the patent claims. Likewise, it may try to introduce evidence of other secondary considerations. Document category 12 relates to sales, which also relate to commercial success. Apparently, because plaintiff failed to provide copies of any documents in these categories under Rule 26 (B), it may be concluded by the court that it will not introduce such information to support any claim or defense. In such case, such documents need not be produced and this aspect of the examination will not be pursued if the court so rules.

Defendant's document category 2 requests information concerning testing of the products accused of infringement. The request could not be any simpler or more relevant to the examination respecting infringement in Topic 1. Here again, plaintiff failed to produce any documents satisfying its obligation under Rule 26. Presumably, plaintiff will attempt to show infringement and such documents should be produced immediately, and are certainly properly the subject of a subpoena duces tecum.

Document category 3 simply requests documents evidencing conception and development of the invention in the patent in suit. Clearly, such documents are probably just a few pages of a laboratory notebook evidencing the making of the invention. It is intimately connected with the examination of inventorship, conception, and reduction to practice detailed in Topic 1. Here again, they should have been produced under Rule 26 and should be produced now.

Document category 4 seeks prior art, the standard against which patentability (Topic 1) is measured. The effect of such publications of the

invention is also referenced in Topic 5. It likely consists of just a few prior art patents and publications, and are likely in a single file.

Document category 5 seeks the prosecution histories of the patent in suit and its counterparts. Such documents often contain arguments which create file wrapper estoppel, or constitute admissions, or factual information. The public record of the United States Patent and Trademark Office is not complete in this regard. It likely comprises two file folders, one for the United States patent prosecution and the other for the European patent prosecution. The request is simple and highly relevant to the infringement inquiry of Topic 1. The request is directly relevant to the inquiry of Topic 2 into the goings-on at the United States Patent and Trademark Office during the prosecution of the patent in suit.

Document category 6 request a single sheet of paper evidencing the first date of sale. The same may be a statutory bar rendering the patent invalid, because a sale more than one year before the application date renders a patent invalid. The request is simple and relevant to the patentability inquiry of Topic 1.

Document category 7 seeks searches and patentability reports and opinions on the invention in the patent in suit. Typically, this is a single report letter referencing a number of patents, and is maintained in the file folder referenced in category 5. A simpler request could not be imagined and is relevant to the patentability inquiry of Topic 1.

Document category 8 simply seeks copies of licenses or letters relating to the same. In all likelihood, there are no or very few such documents. Often, prior art and other frailties of a patent are pointed out in licensing transactions and this is relevant to the licensing inquiry of Topics 3 and 7 and the patentability inquiry of Topic 1.

Document categories 9, 10 and 11 relating to cosmetic products were on account of a clerical error not deleted, and are hereby withdrawn.

Document categories 12 and 13 request information on cost and profit. The information is simple and to the point and connected to the damages inquiry of Topic 4. Here again, defendant has failed to provide any documents in response to its obligation under Rule 26 and, accordingly, does not appear to be seeking damages. This would appear to be reasonable, as the infringing device has been discontinued and only a few dozen devices

remain in the field, beyond the reach of Defendant which has been recalling such units and modifying them to be identical to the non-infringing unit provided to plaintiffs in the early spring and not named in the complaint as infringing. If the court so finds that plaintiffs have waived the pursuit of damages, and plaintiffs will thus not be producing evidence of damages, costs and profit information would not be a relevant inquiry at this time.

Defendant withdraws document category 14.

Document category 16 requests documents respecting any expert work done by the plaintiffs in connection with this case. Typically, the same comprise opinions respecting infringement, and are relevant to the infringement inquiry of Topic 1 and Topic 6.

Accordingly, the court is respectfully urge to order compliance with Document categories 1-8, 12, 13, 15 and 16.

WHEREFORE, Defendant World Energy Labs, Inc. respectfully requests the Court to deny Plaintiffs' Motion for a protective order quashing defendant's document requests in its Rule 30(B)(6) notice of deposition and Plaintiffs' request for legal fees and costs and for such other relief in bringing their motion.

Dated: January 30, 2007

Respectfully Submitted,

WORLD ENERGY LABS, INC.

By: _____
One of its attorneys

David A. Baugh
David R. Carlson
Baugh, Carlson & Ryan, LLC
55 W. Monroe Street, Suite 600
Chicago, IL 60603
312-759-1400

## CERTIFICATE OF SERVICE

I, David R. Carlson, an attorney herein, certify that true and correct copies of the foregoing Defendant World Energy Labs, Inc.'s Response to Plaintiffs' Motion for a Protective Order Quashing Defendant's Document Requests in its Rule 30(B)(6) Notice of Deposition was caused to be served upon the following parties, by electronic means, this 30th day of January, 2007:

Robert Wagner
Wildman, Harrold, Allen & Dixon LLP
225 W. Wacker Drive, Suite 2800
Chicago, IL 60606-1229
wagner@wildmanharrold.com

Baugh, Carlson & Ryan, LLC
55 W. Monroe Street, Suite 600
Chicago, IL 60603
312-759-1400